UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Richard A. Chichakli, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:14-cv-02018 |
| | ) | Assigned To : Unassigned |
| v. | ) | Assign. Date : 11/26/2014 |
| | ) | Description: Pro Se Gen. Civil |
| Barack H. Obama *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff's accompanying motion to proceed *in forma pauperis* and dismiss the case.

Plaintiff is an inmate at the Metropolitan Detention Center in Brooklyn, New York. He sues President Barack Obama and U.S. Treasury Secretary Jacob Lew in their official capacities and Director Adam Szubin of Treasury's Office of Foreign Assets Control ("OFAC") in his personal and official capacity. *See* Compl. Caption. Plaintiff seeks declaratory and injunctive relief and money damages.

The complaint arises from sanctions imposed upon plaintiff pursuant to Executive Order 13348 issued by President George W. Bush in 2004, which declared a national emergency with regard to Liberia. *See* Compl. ¶¶ 5-6; 9; *cf. Chichakli v. Szubin*, No. 07-10851 (5th Cir. Sept. 26, 2008) (per curiam) (affirming in part and vacating in part plaintiff's appeal of adverse judgment in challenge to OFAC's "Blocking Notice" freezing his assets). Plaintiff alleges that defendants violated his constitutional rights "by imposing upon him 'Excessive Fine' and inflicting . . . 'Cruel and Unusual' punishment in violation of the Eight[h] Amendment . . . ." Compl. ¶ 1.

1

Plaintiff also sues defendants "for the illegal search and seizure of his assets in violation of the Fourth Amendment, and for imposing ongoing restrictions on his . . . rights [of] free speech, association, and advocacy," in violation of the First Amendment. *Id.*

Under the principle of *res judicata*, a final judgment on the merits in one action "bars any further claim based on the same 'nucleus of facts' . . . ." *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir. 1977)). And *res judicata* bars the relitigation "of issues that were or *could have been raised* in [the prior] action." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (emphasis in original) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"); *accord Crowder v. Bierman, Geesing, and Ward LLC*, 713 F. Supp. 2d 6, 10 (D.D.C. 2010). "[T]he doctrine of res judicata applies to dismissal for lack of jurisdiction as well as for other grounds[.]" *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1191 (D.C. Cir. 1983). Although *res judicata* is an affirmative defense that typically must be pled, courts "may raise the res judicata preclusion defense *sua sponte*," *Rosendahl v. Nixon*, 360 Fed. Appx. 167, 168 (D.C. Cir. 2010) (citing *Arizona v. California*, 530 U.S. 392, 412-13 (2000); *Brown v. D.C.*, 514 F.3d 1279, 1285-86 (D.C. Cir. 2008)), and a "district court may apply res judicata upon taking judicial notice of [a] [party's] previous case," *Tinsley v. Equifax Credit Info. Serv's, Inc.*, No. 99-7031, 1999 WL 506720 (D.C. Cir. June 2, 1999) (per curiam) (citing *Gullo v. Veterans Cooperative Housing Ass'n*, 269 F.2d 517 (D.C. Cir. 1959) (per curiam)).

In affirming the grant of summary judgment to the government for the same actions plaintiff challenges here, the Fifth Circuit rejected plaintiff's arguments that the government had violated the due process clause and the Administrative Procedure Act. *See Chichakli*, slip op. at

2

2-3, 4. The Fifth Circuit vacated the district court's merits decision on the plaintiff's claim brought under the takings clause upon determining that the district court lacked jurisdiction to hear that claim because the complaint's allegations suggested that the claim was "for at least $10,000" and thus fell within "the exclusive jurisdiction of the Court of Federal Claims." *Id.* at 4.

The prior adjudication of the facts underlying the instant complaint bars plaintiff from advancing new theories and litigating his claims anew. Hence, this case is dismissed as procedurally barred. A separate order accompanies this Memorandum Opinion.

Date: November 25th, 2014

United States District Judge